Eastern District.
*March*, 1830.

LARALDE
& AL.
*vs.*
DERBIGNY.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

---

*LARALDE & AL. vs. DERBIGNY.*

A judgment against a curator is evidence against his surety.

Before the code of 1808, on a partition, coheirs had no legal mortgage on the property allotted to them.

APPEAL from the court of the first district.

The petitioners stated, that in the year 1820, B. Lafon, by last will and testament, bequeathed to them a legacy of twenty-one thousand dollars. That Jean Pomerat and Jean Gravier, were appointed his executors, who, in that capacity disposed of the testator's property, amounting to a considerable sum. That in **1823,** the said Pomerat was appointed their curator *ad bona.* That Gravier, became his surety, and to free his estate from the effects of a general mortgage, did specially mortgage a lot on the Batture, of which the defendant is in possession. This bond and mortgage was subscribed and recorded on the 26th May, **1823.** It appeared from the testimony, that this lot formed part of the estate of Bertrand Gravier, which

Eastern District.
*March*, 1830.

Laralde
& al.
*vs.*
Derbigny.

descended to Jean Gravier and his brother, and was sold at sheriff's sale, as the property of Jean Gravier, to satisfy a judgment which his coheirs had obtained against him. This judgment was recorded subsequent to the special mortgage in favor of petitioners, and at the sale, the defendant became the purchaser. The petitioners having received no part of their legacy, Gravier, being insolvent, and Pomerat, dead, provoked the appointment of a curator, *ad hoc* to his absent heirs, against whom they instituted suit, and recovered the sum of four thousand five hundred and fifty-four dollars, which for want of property of Pomerat, they sought to enforce by the sale of the lot specially mortgaged to them by Gravier, his surety. The answer of the defendant set up the following grounds of defence.

. 1. That the mortgage given by Gravier as surety, of Pomerat, in his capacity of curator *ad bona* never had any effect, inasmuch as Pomerat never received in said capacity, any money belonging to the minors.

2. That the mortgage of the petitioners could not have been given to the prejudice of the coheirs of Jean Gravier, whose property was tacitly mortgaged in their favor, for the

payment of their shares of the estate of the late Eastern District.
*March*, 1830.

LARALDE
& AL.
*vs.*
DERBIGNY: Bertrand Gravier, adjudicated in toto, to the said Jean Gravier.

3. That the mortgage of the petitioners, supposing it to be valid, to the prejudice of the legal mortgage of the said coheirs of Jean Gravier, did not take effect until after the recording of the judicial mortgage, resulting from judgments obtained against Jean Gravier, by his coheirs, in execution of which, the property held by defendants was sold.

In support of these grounds, the defendant introduced in evidence, the record of the suit of Jacques Gravier, and others, coheirs, against Jean Gravier, and the sheriff's sale to the defendants, of the lot claimed in plaintiff's petition.

There was judgment for the defendant, and the plaintiffs appealed.

*Moreau Lislet*, and *Soule*, for the appellants, urged the following points.

1. There was error in the judgment below, when the judge said that John Pomerat, as curator, *ad bona*, and Jean Gravier, his surety, were only answerable for the money John Pomerat, in said capacity, did actually receive.

2. The guardian of a minor, and his surety, are not only answerable for the money the said tutor actually receives for his pupil, but also,

Eastern District.
*March* 1830.

LARALDE
& AL.
*vs.*
DERBIGNY.

for that he neglects, or omits to receive; because the tutor is bound to administer as a good father of a family, and is responsible for all the damages he might have either prevented or repaired by a wise administration—Old Civil Code, art. 52—p. 68. Pandectes Francaises, vol. 4—p. 583, on the 454, 455, and 456 articles of the Code of Napoleon. Digest Law, 15—B. 26, tit. 7, Ulots translation, vol. 3—p. 511. Rodriguez translation of the Digest, vol. 9—p. 63. Ferrary's Bibliothica, vol. 9—p. 104, No. 109. Thoulier, Civil Law, vol. 2—p. 375. Law 9th, tit. 16, of the 6th partida.

*Seghers,* on the same side, argued,

1. That the curator's administration was not limited to the tangible part of his wards estate, but that it comprehended a bounden duty on his part, vigilantly to collect the debts due to his wards, and to sue without delay, such of their debtors as fail to pay. That the slightest neglect in suing them, makes him responsible for their eventual insolvency.

2. That the curator is liable, not only for what he manages, and what he badly manages, but also, for what he fails to manage, or administer—8th Martin's Reports, 449 and 450. Do-

mat, vol. 1, L. 2. tit. 1 sec. 3, no. 1 and 23. Ancien Denisart, vol. 3. 2d. partie, p. 297, art. 59 and 61. Ferriere, dict. de prat, vol. 2. p. 731. Verbo Tuteur—Toullier, vol. 2, tit. 10, ch. 2, sec. 8, parag. 2, no. 1203.

Eastern District.
*March*, 1830.

LARALDE
& AL.
*vs.*
DERBIGNY.

MARTIN J. delivered the opinion of the court.

This is an hypothecary action, by which the plaintiffs sue for the sale of a lot, in the possession of the defendant, mortgaged by Gravier, the person under whom the defendant claims, as surety of Pomerat, the plaintiff's curator, against whom the defendants have obtained judgment.

The defence is two fold, *i. e.*

1. Pomerat, before he was curator of the plaintiffs, was executor of Lafon, who had left them a legacy of twenty-one thousand dollars, and had already wasted all his testator's estate, when he assumed the curatorship, so that he never had any thing in his hands, as curator.

2. The defendant purchased the lot at a sale, in execution of a judgment obtained against Jean Gravier, by Jaques Gravier, and others, as coheirs with Jean Gravier, of

Eastern District.
*March*, 1830.

LARALDE
& AL.
*vs.*
DERBIGNY

Bertrand Gravier, had thereon a mortgage anterior to that which is now sought to be inforced.

There was judgment for the defendant, and the plaintiffs appealed.

Jean Gravier, and J. Pomerat, who had been appointed executors of Lafon, took out letters testamentary, the former in October, 1820, and the latter in February, 1821.

In March, 1822, P. Lafon, the instituted heir, brought suit against the executors, for an account and payment, and in May following, Pomerat was appointed curator, *ad bona*, of the plaintiffs, and gave his bond accordingly, with Jean Gravier, his co-executor and his surety, who obtained a decree of the court of probates, by which, in order to avoid a general mortgage on all his property, he gave a special one on the lot, since purchased by the defendant.

The constituted heir recovered judgment against the executors for upwards of twenty-nine thousand dollars, in April, 1824, and July, 1825, and on executions issued thereon, the sheriff returned no property of Pomerat's could be found, and the property of Gravier that could be found, was insufficient.

Pomerat having died in the meanwhile, the plaintiffs had a curator appointed to his absent heirs, against whom they directed a suit, in which they recovered a sum of four thousand five hundred and fifty-four dollars, and interest, which, for want of property of Pomerat's, they now seek to enforce by the sale of the lots specially mortgaged by his surety.

It appears to us the district court erred.— The judgment obtained by the plaintiffs, against the heirs of their curator, is evidence that he received moneys to its amount. The record shows Lafon's estate was perfectly solvent, the whole of it came, or must have come to the hands of his executors, and Pomerat, as one of them, was liable *in solido* with his co-executor, for whatever came to the hands of either—*Civ. C.* 248 *a* 177. Nothing shows the absolute insolvency of both Pomerat and Gravier. On the appointment of the former as curator; they were both liable to the plaintiffs, and there is positive evidence on the record that Gravier possessed property; particularly the lot which the defendant afterwards purchased.

2. The second point was not acted on by the district court, but it is equally untenable.

Eastern District.
*March*, 1830.

LARALDE
& AL.
*vs.*
DERBIGNY.

A judgment against a curator is evidence against his surety.

Eastern District.
*March,* 1830.

LARALDE
& AL.
*vs.*
DERBIGNY.

It is alleged the premises were part of the estate of Bertrand Gravier, which descended to Jean Gravier and his brothers, and was allotted to Jean, in the partition of the estate.— No partition is produced.

Before the code of 1808, on a petition, co-heirs had no legal mortgage on property allotted to one of them.

Gravier's succession was opened in 1797, which took place before the adoption of the Code of 1808, and must be regulated by the laws then in vogue, *The Parti.* 6, 15, 9, required the judge, on a partition against coheirs, *ex officio* to require them to give securety for the indemnification of such as might be evicted of their parts. This is negative evidence, that no mortgage existed; for otherwise, it would afford such a security, that no other should be required.

Further, there is no evidence of an eviction of any coheir, nor of any money to be returned by Jean Gravier, or others, to induce the tacit or legal mortgage given by the former. Code, 457, art. 23.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be annulled, avoided, and reversed, and that on default of the defendant to pay the plaintiffs the amount of their judgment, the premises be seized and sold to satisfy the same, with interests and costs—the appellee paying costs in this court.